IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PHILLIP J. ZELLER, JR., )
)
        Plaintiff, )
)
v. )   Case No. 10-2147-JWL
)
UNIFORMED SERVICES BENEFIT )
ASSOCIATION and NEW YORK )
LIFE INSURANCE COMPANY, )
)
        Defendants. )
)
_____)

## **MEMORANDUM AND ORDER**

This matter is presently before the Court on defendants' motion to dismiss Count I of plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 10). The Court agrees with defendants that the claim is time-barred pursuant to K.S.A. § 40-412; accordingly, the Court **grants** the motion and dismisses Count I of plaintiff's complaint.

### **I.**     **Governing Standard**

The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of

entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

**II.    Analysis**

Plaintiff alleges that defendants issued him a life insurance policy, terminated that policy in 2005 for nonpayment of premiums, and refused to reinstate the policy after a medical evaluation. Plaintiff filed the present action in March 2010. In Count I of his complaint, plaintiff alleges that defendants, in terminating his policy, failed to comply with the notice requirements of K.S.A. §§ 40-410 and -411, and he seeks damages and a declaration that his coverage was unlawfully canceled.[1] Section 40-410 provides that,

---

[1] In Count II, plaintiff alleges that defendants breached their implied contractual duty of good faith with respect to plaintiff's request for reinstatement of the policy. That claim is not at issue at present.

except with respect to certain types of policies, an insurer may not forfeit or cancel a life insurance policy for nonpayment of premiums within six months after the default unless it first provides written notice of its intention to do so. *Id.* § 40-410. Section 40-411 describes the type of notice required for "such cancellation or forfeiture." *Id.* § 40-411.

Defendants argue that the claim asserted in Count I of plaintiff's complaint is time-barred pursuant to K.S.A. § 40-412, which provides a six-months limitations period for an action "upon or in respect to" a life insurance policy, counted from the plaintiff's default in the payment of premiums. *See id.*[2] Section 40-412 provides in full as follows:

> No action shall be maintained upon or in respect to any contract of life insurance . . . , upon which any premium shall remain unpaid after expiration of the period specified in the policy for the payment of such premium, for the enforcement of any right under such contract which is by the terms of the policy conditioned upon the payment of such premium, or which is by the terms of the policy subject to termination or cancellation for failure to pay such premium, unless such action, or an action to reinstate such policy as a premium-paying policy, shall be commenced within six months after the expiration of the period specified in the policy for the payment of the premium so remaining unpaid . . . .

*Id.* In challenging defendants' termination of his policy for failure to comply with sections 40-410 and -411, and in seeking effective reinstatement of the policy, plaintiff

---

[2]Under the applicable Kansas choice-of-law rule, *see Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941) (court must apply forum state's choice-of-law rules), the Court applies the substantive law of the state in which the subject insurance policy was made, *see Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, 642-46 (1984)). The parties have not addressed the choice-of-law issue, but the documents submitted by defendants, *see infra* note 3, indicate that the policy was issued to plaintiff while a resident of Kansas. Moreover, because plaintiff bases his claim on a violation of Kansas statutes, the Court will consider the statutory defense asserted under Kansas law.

has clearly brought an action "upon or in respect to" a life insurance policy. The policy at issue here provided for termination for failure to pay the premium due.[3] Plaintiff filed this suit several years after defendants' alleged termination for nonpayment of the premiums due. Accordingly, if any premium remained unpaid by plaintiff in 2005, the present action would be barred by the six-month limitations period imposed by K.S.A. § 40-412.

Plaintiff argues that his claim should instead be governed by the general five-year limitations period, set out in K.S.A. § 60-511, for actions on written contracts. Plaintiff argues as follows:

> [I]f the plaintiff prevails on his claim that the defendants failed to comply with K.S.A. 40-410 and K.S.A. 40-411, then the plaintiff's life insurance coverage was never properly terminated, and no premium remained unpaid after the expiration of the grace period. This in turn means that the plaintiff's claim in Count I is timely even under K.S.A. 40-412.

In support of that argument, plaintiff cites two Kansas cases from the 1930s, *Shelton v. United Life & Accident Insurance Co.*, 150 Kan. 851 (1939), and *Pederson v. United Life Insurance Co. of Kansas*, 139 Kan. 695 (1934). Those two cases are easily distinguished from the present case, however, as in those cases the claims against the policy were

---

[3] Plaintiff has not disputed the authenticity of the copy of the policy submitted by defendants with their motion; nor has plaintiff objected to defendants' reference to that exhibit in their argument. Accordingly, the Court considers the submitted exhibit in resolving this motion to dismiss. *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss").

asserted by beneficiaries after the deaths of the insureds. *See Shelton*, 150 Kan. 851; *Pederson*, 139 Kan. 695. Indeed, in *Shelton*, the Kansas Supreme Court recognized the importance of that very distinction between an action by the insured and an action by a beneficiary:

> Moreover, this is not an action by the insured to enforce some right he might have had under the policy, but is an action by the beneficiary. It has been held an action on the policy by the beneficiary is governed by the limitations provided by the civil code and not by [section] 40-412 of the insurance code. (*Pederson v. United Life Ins. Co.*, 139 Kan. 695, 33 P.2d 297.)

*Shelton*, 150 Kan. at 858.

The Tenth Circuit's opinion in *Miner v. Standard Life and Accident Insurance Co.*, 451 F.2d 1273 (10th Cir. 1971), makes clear that plaintiff's claim may not be maintained more that six months after nonpayment of premiums. In *Miner*, the Tenth Circuit noted that K.S.A. §§ 40-410 and -411 require notice only for termination within the first six months after nonpayment, and that those statutes were intended "to protect policyholders who might overlook the payment of premiums when due, and not to give an insured additional insurance without premium." *See id.* at 1275-76. The court could find no basis in Kansas law for the extension of a life insurance policy for more than six months after default for nonpayment, and it rejected the trial court's construction that would require some affirmative act by the insurer to terminate coverage after the six-month period. *See id.* Thus, the court held that the policy at issue had terminated before the insured's death, which had occurred more than six months after the default for

nonpayment of premiums. *See id.* at 1276-77.

Thus, although *Miner* did not directly address the six-month limitations period set out in section 40-412, the case informs the present dispute. Under the Tenth Circuit's interpretation of Kansas law in *Miner*, plaintiff's policy would have terminated, at the latest, six months after any default for nonpayment, whether or not defendants complied with K.S.A. §§ 40-410 and -411. That fact is consistent with the requirement of section 40-412 that plaintiff have brought any action in respect to his policy within six months after any such default. Moreover, the ruling in *Miner* provides a further basis on which to distinguish the present case from *Shelton* and *Pederson*, as neither case involved a default that lasted more than six months. *See Shelton*, 150 Kan. 851 (insured died within six months after payment that should have effected reinstatement); *Pederson*, 139 Kan. 695 (insured died within six months after default).

Section 40-412 explicitly requires that any action "upon or in respect to" a life insurance policy, such as plaintiff's claim in Count I, be brought within six months of any default for nonpayment. Plaintiff has not identified any Kansas authority that would dispense with that requirement for a claim brought by the insured himself.[4] Therefore, the court applies the six-month limitations period in this case, pursuant to the plain terms of the statute.

---

[4] The Courts rejects as illogical plaintiff's argument that defendants would need to prove compliance with sections 40-410 and -411 (thereby prevailing on the merits of the claim) in order to avail themselves of the limitations period in section 40-412.

6

The issue thus becomes whether, according to plaintiff's complaint (such that the issue might be resolved upon a motion to dismiss), plaintiff's required premiums remained unpaid after they were due. In his complaint, plaintiff alleges as follows: Plaintiff made all required premium payments for coverage through November 2004. He "tendered" a check for his payment for December 2004. In early 2005, he "tendered" three checks for premium payments, and "[a]t least two of these checks were paid" by plaintiff's bank. In March 2005, one defendant notified plaintiff that his premium was paid only to November 1, 2004, that his policy was therefore not in force, but that coverage could be put back in force (if plaintiff was in good health) by payment of a certain amount to pay premiums to April 2005. That notice did "not accurately reflect the premium payments made or tendered" by plaintiff. In April 2005, plaintiff sent a letter to one defendant in which he "offered to pay the premium payments which were due and owing," but that "the total amount of the premium payments which was due and owing was in dispute." In May 2005, defendants notified plaintiff that his policy had lapsed for nonpayment of premiums.

Plaintiff does not argue this issue in his brief, but in responding to defendants' statement of facts, plaintiff notes his allegations that he disputed the amount due and owing and that "at least" two of his three 2005 checks were paid by his bank. The Court concludes, however, that plaintiff has conceded in these allegations that some amount remained due and unpaid to defendants for premiums on the life insurance policy, even

7

if plaintiff disputed the particular amount remaining unpaid.[5] Plaintiff has not alleged that he ever remitted the unpaid premiums. Accordingly, because plaintiff first brought this claim several years after 2005, when premiums remained unpaid, the claim is barred by the six-month limitations period in K.S.A. § 40-412, and the Court therefore dismisses Count I of plaintiff's complaint.[6]

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss Count I of plaintiff's complaint (Doc. # 10) is **granted**, and Count I is hereby dismissed.

IT IS SO ORDERED.

Dated this 8th day of July, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[5] The Court would reject any argument (if such argument was intended by plaintiff) that the complaint does not foreclose the possibility that all of his checks were in fact paid by his bank. Although plaintiff would know whether his bank in fact paid all of the checks, he alleged particularly that he "tendered" a total of four checks and that "at least" two of the last three checks were paid. Accordingly, plaintiff has not alleged a plausible claim that he in fact made all of the required payments to defendants on the policy.

[6] In light of this ruling, the Court need not address defendants' alternative argument that plaintiff's policy falls within certain exceptions contained within K.S.A. § 40-410.