1IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PHILLIP J. ZELLER, JR. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-2147-JWL/JPO |
| | ) | |
| UNIFORMED SERVICES BENEFIT | ) | |
| ASSOCIATION, ET AL. | ) | |
| | ) | |
| Defendants. | ) | |

STIPULATED PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION AND DOCUMENTS

It is hereby Ordered that this Stipulated Protective Order Regarding Confidential Information and Documents ("Protective Order") shall apply with respect to certain documents and other information produced and/or disclosed in connection with the above-captioned action (the "Action").

1. Entry of this Protective Order is appropriate because the parties contend that certain documents relevant to the allegations and defenses in this matter contain confidential information pertaining to plaintiff's health and defendants' decision not to restore his life insurance coverage. This Protective Order is also appropriate to protect confidential documents that may be present in discovery sought from plaintiff's physicians. Under this Protective Order, the Parties may seek documents and information from such non-Parties that such non-Parties consider confidential and the Parties intend for such non-Party confidential information to be disclosed under the terms of this Protective Order.

2. The procedures described herein shall be adopted with respect to certain documents and other information produced and/or disclosed in this Action. This Protective Order shall apply to all Discovery Material (as defined in Paragraph 3, below) that any Party or non-Party marks as

"CONFIDENTIAL" in accordance with this Protective Order. A Party or non-Party making such designation in accordance with this Protective Order is hereinafter referred to as a "Designator."

3. For the purpose of this Protective Order, "Discovery Material" shall mean all documents (regardless of the medium or manner generated, stored, or maintained), deposition testimony, tangible things or other information produced, subpoenaed, transcribed from depositions, or otherwise given to any Party in this Action by another Party or by a non-Party in connection with discovery (whether in the form of deposition transcripts, interrogatory answers, document productions, responses to requests for admissions or other discovery)

4. No Confidential Information or any copy, excerpt, or summary thereof, or the information contained therein, shall be delivered or disclosed to any person except as provided herein.

5. No Confidential Information, or any copy, excerpts or summary thereof, or the information contained therein, shall be disclosed by the person receiving it to any other person without the prior written consent of the Designator or an order of the Court, except to the following:

    i. Counsel for the Parties;

    ii. Counsel's employees;

    iii. Parties and employees of the Parties;

    iv. Litigation consultants and persons designated as expert witnesses;

    v. Jurors in the trial of this action, this Court and its employees, including, without limitation, court reporters, employees in the Clerk's Office, and law clerks, provided that the Confidential Information is filed in accordance with the terms of this Protective

Order;

vi. Court reporters, videographers, stenographers or other persons preparing transcripts of testimony;

vii. Witnesses or potential witnesses; and

viii. Outside vendors, including their employees, retained by Counsel for either Party to provide copying, data entry, data processing, or computer imaging, and similar clerical support services.

6. With the exception of those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, no Confidential Information, or any copy, excerpt, or summary thereof, or the information contained therein, received from a Party or non-Party, shall be disclosed to any person unless (a) such person has been provided with a copy of this Protective Order, and (b) such person has agreed to be bound thereto.

7. Any Discovery Material that contains Confidential Information, as defined in Paragraph 1 of this Protective Order, may be marked by the producing party in the following fashion: "CONFIDENTIAL" in a readily visible or noticeable manner. In the case of documents, interrogatory responses, and responses to requests for admission, Confidential Information shall be designated by a stamp or designation on each such document or response prior to production or service. Any Party photocopying or otherwise duplicating Confidential Information shall ensure that the "CONFIDENTIAL" designation appears clearly on any such copies or duplicates.

8. Whenever Confidential Information is to be referred to or disclosed in a deposition, any Party or non-Party may exclude from the room during such testimony any person who is not authorized to receive Confidential Information under this Protective Order. Any testimony given

in any deposition may be designated as "CONFIDENTIAL" by any Party or non-Party by making such designation on the record. A Party or non-Party may also make such designation in writing to the court reporter if the designations are made within fourteen (14) days after the transcript has been made available to the Party or non-Party making the designations, and notice of such designations is sent to all Counsel of Record. At the Designator's expense, the court reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face of the transcript with the words "CONFIDENTIAL" and seal it in a separate envelope. Whenever any Confidential Information is identified as an exhibit in connection with testimony given in any deposition proceeding in this Action, it shall be so marked, if it has not previously been marked, and appropriately sealed. Only those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

9. All Parties, their Counsel, and all persons designated in Paragraph 5, above, who obtain Confidential Information shall take all necessary and appropriate measures to maintain the confidentiality of the Confidential Information, shall disclose such information only to persons authorized to receive it under this Protective Order, and shall retain such information in a secure manner.

10. Without prejudicing any Party's right to make additional motions where necessary to restrict disclosure of Confidential Information, any Party or non-Party may, whenever Confidential Information is to be referred to or disclosed in a hearing or trial proceeding, move in accordance with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and/or this

Protective Order that the Court exclude from the room those persons who are not authorized to receive Confidential Information under this Protective Order. In addition, any Party or non-Party may move the Court to designate any testimony given in such hearing or trial proceeding as "CONFIDENTIAL" and to require the court reporter to separately transcribe those portions of the testimony, mark the face of the transcript with the words "CONFIDENTIAL" and seal it in a separate envelope. Whenever any document designated as "CONFIDENTIAL" is identified as an exhibit in connection with testimony given in any hearing or trial proceeding in this Action, any Party or non-Party may move that it be so marked if it has not previously been marked and appropriately sealed. Where the Court rules that such material is entitled to protection from disclosure under this Protective Order and the Federal Rules of Civil Procedure, Federal Rules of Evidence, or other applicable law, only persons who have executed the agreement attached hereto as Exhibit A and those persons designated in clauses 5.i., 5.ii., 5.iii., 5.v. and 5.vi. of Paragraph 5, shall be entitled to obtain copies of that portion of the transcript and/or exhibit. A copy of this Protective Order shall be identified and marked as an exhibit to any such transcript, and all persons who have actual notice of this Protective Order shall be bound by its terms.

11. Any Party may at any time notify a Party or non-Party asserting a claim of confidentiality, in writing, or in the case of a deposition, either upon the record of a deposition or in writing later, of the Party's objection to the designation of any information, documents, or testimony as confidential. In that event, the challenging Party and Designator shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the Designator or the challenging Party may apply for an appropriate ruling from the Court. In any such application for a ruling, the Designator shall have

the burden of proof to establish that the designated material is in fact confidential and is entitled to confidential treatment. The information in issue shall continue to be treated as Confidential Information pursuant to this Protective Order until the Parties agree or the Court rules otherwise. No Party in this Action shall be obliged to challenge the propriety of the designation of any Confidential Information. Failure to bring such challenge shall not preclude any subsequent objection to the designation and shall not preclude any motion to seek permission from the Designator or the Court to disclose such Confidential Information to persons not referred to in this Protective Order. Nothing herein shall affect either Party's right to seek modification of this Protective Order.

12. Inadvertent or unintentional disclosure of Confidential Information shall not be deemed a waiver in whole or in part of a Party's or non-Party's claim of confidentiality with respect to the information so disclosed. A Party or other person making such inadvertent disclosure must give prompt notification, in writing, to the Parties when such inadvertent disclosure is discovered. Upon receiving written notice that Confidential Information has been inadvertently produced, all such information, and all copies thereof, shall be returned to counsel for the Designator, and the receiving Party or non-Party shall not use such information for any purpose until further Order of the Court. Disclosure by a Party of the document or information prior to receipt of written notice that Confidential Information has been inadvertently produced by the Designator shall not be deemed a violation of the provisions of this Protective Order, but all reasonable steps shall be taken by the Parties to protect such inadvertently disclosed information after notification is received from the Designator in accordance with this Protective Order.

13. Throughout and after the conclusion of this Action, including any appeals, the

restrictions on communication and disclosure provided for herein shall continue to be binding upon the Parties and all other persons to whom Confidential Information has been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of this Court.

14. Nothing in this Protective Order shall prevent any Party from seeking amendments broadening or restricting the rights of access to, or the use of, Confidential Information, or otherwise modifying this Protective Order.

15. This Protective Order is designed to facilitate the disclosure of documents in this Action that a Party or non-Party considers to be "Confidential Information." It does not constitute a determination that documents or information so designated are "Confidential Information." Any Party may request that the Court modify or otherwise grant relief from any provision of this Order.

16. The Parties agree that any information claimed by a Designator to be Confidential Information (whether contained in the body of a motion, memorandum, or pleading or attached as a separate exhibit) shall be entitled to protection under the terms of this Order. With respect to any motion, memorandum, pleading, or exhibit that contains Confidential Information, pursuant to Section II.J of the ADMINISTRATIVE PROCEDURES FOR FILING, SERVING, AND VERIFYING PLEADINGS AND PAPERS SERVED BY ELECTRONIC MEANS IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS, the Party desiring to file such Confidential Information must first file a motion with the Court and be granted leave to file the particular document under seal. The Parties in such filings will protect the Confidential Information, either by redacting the information or placing it in a separate confidential exhibit before filing the motion, memorandum and/or supporting exhibits with the Court. If a filing is made under seal pursuant to this paragraph by a Party other than the Designator, then the Designator shall have

ten (10) business days following service of the filing to provide a redacted version of the motion, memorandum and/or supporting exhibits to the Party making the filing, except that if such filing is in support of or in opposition to a motion for summary judgment, then the Designator shall have twenty-one (21) calendar days following service of the filing to provide a redacted version of the motion, memorandum and/or supporting exhibits to the Party making the filing. If service is made other than by hand, then three (3) additional business days shall be added to the time for the Designator to respond. At the conclusion of the period of time set forth in this paragraph, the Party making the filing shall make an unsealed filing of either the redacted version of the filing (if provided by the Designator) or, if no redacted version has been provided, of the initial version that was previously filed under seal. The failure of a Designator to provide a redacted version within the time provided under this paragraph constitutes a waiver of any claim of Confidential Information as to any information contained in such filing.

17. Within sixty (60) days after the conclusion of this Action, i.e., after there is a final judgment no longer subject to appeal, all Confidential Information shall be returned to the Designator, or destroyed.

18. Counsel for the Parties shall use their best efforts to ensure that the provisions of this Protective Order are adhered to by the Party they represent and by those acting on its behalf.

IT IS SO ORDERED this 9th day of July, 2010.

    s/ James P. O'Hara
JAMES P. O'HARA
United States Magistrate Judge